IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JACQUES FEARENCE, V51385, | ) | |
| Petitioner, | ) | No. C 13-1372 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| R. GROUNDS, Warden, | ) | (Docket # 4) |
| Respondent. | ) | |

      Petitioner, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary finding that resulted in the loss of 130 days of time credit. He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.    <u>Standard of Review</u>

      This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1  It shall "award the writ or issue an order directing the respondent to show
2  cause why the writ should not be granted, unless it appears from the application
3  that the applicant or person detained is not entitled thereto." Id. § 2243.

4  B.  Claims

5  Petitioner seeks federal habeas corpus relief on the ground that the
6  disciplinary panel's finding that he was in possession of a controlled substance in
7  prison, and subsequent assessment of time credits, does not comport with due
8  process. Petitioner specifically claims that the panel's denial of his request to
9  present a witness at the hearing deprived him of an opportunity to present an
10 adequate defense under Wolff v. McDonnell, 418 U.S. 539 (1974). Liberally
11 construed, the claim appears cognizable under § 2254 and merits an answer from
12 respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal
13 courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

15 For the foregoing reasons and for good cause shown,

16 1. Petitioner's request to proceed in forma pauperis (docket # 4) is
17 GRANTED.

18 2. The clerk shall serve by certified mail a copy of this order and the
19 petition and all attachments thereto on respondent and respondent's attorney, the
20 Attorney General of the State of California. The clerk also shall serve a copy of
21 this order on petitioner.

22 3. Respondent shall file with the court and serve on petitioner, within
23 60 days of the issuance of this order, an answer conforming in all respects to Rule
24 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
25 habeas corpus should not be granted. Respondent shall file with the answer and
26 serve on petitioner a copy of all portions of the state trial record that have been

1 transcribed previously and that are relevant to a determination of the issues
2 presented by the petition.
3     If petitioner wishes to respond to the answer, he shall do so by filing a
4 traverse with the court and serving it on respondent within 30 days of his receipt
5 of the answer.
6     4.    Respondent may file a motion to dismiss on procedural grounds in
7 lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the
8 Rules Governing Section 2254 Cases. If respondent files such a motion,
9 petitioner shall file with the court and serve on respondent an opposition or
10 statement of non-opposition within 28 days of receipt of the motion, and
11 respondent shall file with the court and serve on petitioner a reply within 14 days
12 of receipt of any opposition.
13     5.    Petitioner is reminded that all communications with the court must
14 be served on respondent by mailing a true copy of the document to respondent's
15 counsel. Petitioner must also keep the court and all parties informed of any
16 change of address.
17 SO ORDERED.
18 DATED: June 12, 2013
19     CHARLES R. BREYER
    United States District Judge

28 N:\Fearence, J.13-1372.osc.wpd     3